**UNITED STATES of America, Plaintiff–Appellee**

v.

**Walter Raul VILLA, Defendant–Appellant.**

**No. 15–2370.**

United States Court of Appeals, Eighth Circuit.

Submitted: March 16, 2016.

Filed: March 21, 2016.

John H. Lammers, Assistant U.S. Attorney, U.S. Attorney's Office, Sioux City, IA, for Plaintiff–Appellee.

---

1. The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Chad Douglas Primmer, Council Bluffs, IA, for Defendant–Appellant.

Walter Raul Villa, Adelanto, CA, pro se.

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

PER CURIAM.

After the district court[1] accepted Walter Villa's guilty plea to a federal drug-conspiracy charge, the presentence report (PSR) recommended a career-offender Guidelines range of 262–327 months in prison. Villa objected to the career-offender designation, but, before sentencing, the parties reached an agreement under which Villa stipulated that he was a career offender. At sentencing, the court denied Villa's motion for a downward variance and sentenced him to 262 months in prison and five years of supervised release. Villa appeals, and his counsel moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), contending that the sentence is unreasonable. In a pro se supplemental filing, Villa argues that counsel was ineffective and that Villa should not have been sentenced as a career offender.

Having carefully reviewed the sentencing transcript, we find nothing to suggest that the district court abused its discretion in sentencing Villa, and we conclude that his bottom-of-the-range sentence is reasonable. *See United States v. Callaway,* 762 F.3d 754, 760 (8th Cir.2014) (discussing appellate presumption of reasonableness); *United States v. Feemster,* 572 F.3d 455, 461–62 (8th Cir.2009) (en banc) (appellate review of sentences). As to Villa's pro se arguments, he may not challenge his career-offender designation because he stipulated before sentencing that he was a career offender, *see United States v. Burnette,* 518 F.3d 942, 946 (8th Cir.2008); *United States v. Nguyen,* 46 F.3d 781, 783 (8th Cir.1995), and we will defer any ineffective-assistance claim to 28 U.S.C. § 2255 proceedings where the record can be sufficiently developed, *see United States v. Looking Cloud,* 419 F.3d 781, 788–89 (8th Cir.2005). Finally, having independently reviewed the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues.

The judgment is affirmed, and we grant counsel's motion to withdraw.

---

1. The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.